UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-05-24-B-W |
| | ) | |
| LARRY N. PERKINS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION
TO RECONSIDER DETENTION PENDING SENTENCING**

On April 11, 2005, the Defendant, Larry N. Perkins, pleaded guilty (Docket # 4) to a three-count Information (Docket # 1) dated April 8, 2005. Count One alleged possession with the intent to distribute fifty or more marijuana plants; Count Two alleged possession of a Mossberg 12 gauge shotgun after having been convicted of a crime of domestic violence; and, Count Three was a forfeiture. After the plea, the Defendant moved for release pending imposition of sentence. This Court denied the motion and remanded the Defendant to custody pending imposition of sentence. The Defendant returns to this Court, asking for reconsideration of the order of detention. Because the Defendant's history presents this Court with a volatile trilogy of drugs, firearms, and domestic violence, this Court DENIES the Defendant's motion for reconsideration.

**I. CRIMES AND PUNISHMENTS**

Count One, a violation of 21 U.S.C. § 841(a)(1), carries maximum statutory penalties of imprisonment for not more than twenty years, a fine of not more than $1,000,000.00, or both, supervised release of at least three years and up to life, a violation of which could subject him to an additional two years in prison, and a special assessment of $100.00. *Id*. § 841(b)(1)(C); 18

U.S.C. §§ 3583(e)(3), 3013.  Count II, a violation of 18 U.S.C. § 922(g)(9), carries maximum statutory penalties of imprisonment for not more than ten years, a fine not to exceed $250,000.00, or both, a period of supervised release not to exceed three years, a violation of which could subject him to an additional two years in prison, and a special assessment of $100.00.  *Id*. § 924(a)(2); § 3583(b)(2), (e)(3); § 3013.

## II.  PRE-SENTENCE RELEASE:  THE STANDARDS

Once a defendant has pleaded guilty, the provisions of 18 U.S.C. §§ 3143 and 3145 govern his release pending the imposition of sentence.  The Defendant concedes, as he must, that the provisions of § 3143(a)(2) apply to his case, and, under the provisions of that statute, he is not entitled to be released pending sentencing.[1]  The only possible escape hatch is § 3145(c):

> An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title.  The appeal shall be determined promptly.  A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

Excising the last sentence of this subsection from the rest of the section, the Defendant argues that § 3145(c) authorizes this Court, regardless of § 3143(a)(2) and absent any appeal of a detention order pending before this Court, to release him, if it concludes by clear and convincing evidence, there are extraordinary circumstances that compel his release.  To reach the

---

[1] Mr. Perkins pleaded guilty to an offense for which the maximum term of imprisonment is at least ten years or more as prescribed by the Controlled Substances Act.  18 U.S.C. § 3142(f)(1)(C).  As such, he is subject to the mandatory incarceration provisions of 18 U.S.C. § 3143(a)(2), which requires his detention pending imposition of sentence unless circumstances exist that do not exist here.  *See id*. § 3143(a)(2)(A)(i)(there is "a substantial likelihood that a motion for acquittal or new trial will be granted"); *id*. § 3143(a)(2)(A)(ii)(an attorney for the Government has recommended no sentence of imprisonment be imposed); *id*. § 3143(a)(2)(B)(the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community).

Defendant's argument, this Court will assume, without deciding, that this provision can be construed to authorize a defendant's release in these circumstances.[2]

Under § 3145(c), the court must first determine whether the defendant meets the conditions of release set forth in § 3143(a)(1):[3]

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. § 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

If this Court determines there is clear and convincing evidence that the Defendant is not likely to flee or pose a danger, it must then conclude under § 3145(c) that the Defendant has "clearly shown" there are "exceptional reasons" his continued detention would be inappropriate.

## III. DISCUSSION

The Defendant falls far short of this onerous burden. He has pleaded guilty to a significant violation of the Controlled Substance Act and to the illegal possession of a shotgun. Further, by pleading guilty to Count II of the Information, he has admitted having previously been convicted of a crime of domestic violence. This volatile trilogy—drugs, firearms, and domestic violence— gives this Court no confidence that if released pending sentence, the Defendant will not pose a danger to other persons or the community. The congressional

---

[2] 18 U.S.C. § 3145(a) and (b) have been construed as governing only those situations where an order of detention or release by one judicial officer is being reviewed by another. *United States v. Cisneros,* 328 F.3d 610, 614-15 (10th Cir. 2003); *United States v. Luisa,* 266 F. Supp. 2d 440, 445-46 (W.D.N.C. 2003). If § 3143(c) is integral to § 3145(a) and (b), the statute does not give this Court authority under § 3143(c) to review its own order.

[3] The statute also makes reference to § 3143(b)(1); however, this subsection applies only to defendants who have appealed and addresses release pending that appeal.

directive for individuals convicted of violations of the Controlled Substances Act and facing ten or more years in prison is abundantly clear: Congress mandates their detention pending sentence. § 3143(a)(2). Even if § 3145(c) could be construed as authorizing his pre-sentence release in the extraordinary case, this Court finds no such extraordinary circumstances here.

## IV.  CONCLUSION

The Defendant's Motion to Reconsider Detention Pending Sentencing is DENIED and the Defendant is to remain detained pending further order of this Court.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 1st day of June, 2005