UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-05-24-B-W |
| | ) | |
| LARRY N. PERKINS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Marla Billings claims a right to receive overdue child support from cash the Defendant Larry N. Perkins forfeited to the Government. *See* Docket # 12. Because this Court cannot foreclose the possibility Ms. Billings has an enforceable legal interest, it will allow her two weeks to demonstrate the basis of her interest. Failing that, this Court will grant the Government's Motion to Dismiss Petition for Lack of Standing (Docket # 13).

**I.    STATEMENT OF FACTS**

On April 11, 2005, the Defendant pleaded guilty to two counts of a three-count Information (Docket # 1) and consented to a forfeiture in Count III. *See* Docket # 4. Count I alleged possession with the intent to manufacture marijuana, and Count III claimed a forfeiture of $25,000.00 as a substitute for property used to facilitate the crime and $1,250.00 seized from the Defendant's premises.[1] On April 11, 2005, this Court issued a Preliminary Order of Forfeiture (Docket # 5) and, after notice was published, on June 10, 2005, Ms. Billings filed a *pro se* petition, representing that she and the Defendant share a child, but for the last three years, he has failed to pay child support. Ms. Billings seeks reimbursement of this delinquent child

---

[1] Count II alleged possession of a firearm by a prohibited person, a violation of 18 U.S.C. § 922(g)(9); Count II is not relevant to Ms. Billings's petition.

support from the forfeited money. The Government objected and has moved to dismiss the petition.

## II. DISCUSSION

The authority to forfeit property in this case is found in 21 U.S.C. § 853. The statute requires any property "used . . . to commit . . . or to facilitate the commission of" a federal drug crime be forfeited to the United States. *Id.* § 853(a)(2). It also establishes a procedure to protect the interests of third parties to the extent they have a "legal interest in [the] property which has been ordered forfeited." *Id.* § 853(n)(1), (2). To secure an order protecting that interest, the petitioner must demonstrate she has:

> [A] legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section.

*Id.* § 853(n)(6). This provision is, in essence, a standing requirement. *See United States v. Padilla-Galarza,* 351 F.3d 594, 600 (1st Cir. 2003). Unsecured general creditors do not usually have standing to assert a legal interest superior to that of the Government. *United States v. Ribadeneira,* 105 F.3d 833 (2d Cir. 1997); *United States v. BCCI Holdings (Luxembourg) S.A.,* 46 F.3d 1185 (D.C. Cir. 1995), *cert. denied*, 515 U.S. 1160 (1995); *United States v. Campos,* 859 F.2d 1233 (6th Cir. 1988).

Ms. Billings's petition failed to comply with the provisions of § 853(n)(3).[2] The petition is not under oath, and it fails to state the nature and extent of her interest in the property being

---

[2] 21 U.S.C. § 853(n)(3) states:
> The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right,

2

forfeited. Other than a general reference to an ongoing child support obligation running back three years, there is no statement as to the time and circumstances of Ms. Billings's acquisition of the interest. This Court cannot divine from the sparse allegations in the petition whether Ms. Billings has an interest in the forfeited property superior to that of the Government.

It is doubtful she does. Section 853(n)(6)

> protects only two classes of petitioners, those whose legal interests in the property were superior to the defendant[] at the time the interest of the United States vested through the commission of an act giving rise to forfeiture and "bona fide purchasers for value" without knowledge of the forfeitability of the defendant's assets.

*United States v. Kennedy,* 201 F.3d 1324, 1328-29 (11th Cir. 2000) (quoting *United States v. Reckmeyer,* 836 F.3d 200, 204 (4th Cir. 1987)); *see also United States v. Jimerson,* 5 F.3d 1453, 1455 (11th Cir. 1993). There is no indication here that Ms. Billings could be considered a bona fide purchaser for value.

The question is whether she had an interest superior to that of the Government at the time the Defendant committed the crime. To have such an interest, Ms. Billings would have to establish more than a general interest in the Defendant's property, but rather a legal interest "in a particular, specific asset, as opposed to a general interest in an entire forfeited estate or account." *Ribadeneira,* 105 F.3d at 836. Typically, standing alone, a child support obligation is not sufficient to create a legal interest in a particular, specific asset. *United States v. Dempsey,* 55 F. Supp. 2d 990, 993-94 (E.D. Mo. 1998); *United States v. 127 Shares of Stock in Paradigm Mfg., Inc.,* 758 F. Supp. 581, 583 (E.D. Cal. 1990); *see also United States v. Carrell,* 252 F.3d 1193, 1196 n.2, 1207 n.15 (11th Cir. 2001). Here, although the Government claimed the right to forfeit land owned by Larry and Dorothy Perkins, it allowed him to substitute $25,000.00 in place of

---

title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

this land.  Specifically, there is no indication the child support obligation had matured into an enforceable legal interest either in his land or cash, but it is not beyond the realm of possibility.[3] Maine law provides for a variety of mechanisms to enforce a support order, some of which could have created a security interest in this cash.  *See* 19-A M.R.S.A. § 2603; *but see Ribadeneira,* 105 F.3d at 836 (quoting *United States v. Ribadeneira,* 920 F. Supp. 553, 555 (S.D.N.Y. 1996) ("Dollars are fungible.  As holders of checks, as opposed to security interests, petitioners are unable to assert rights to a particular asset or specific funds.")).

Rather than dismiss the petition outright, this Court will grant Ms. Billings two weeks to file an amended petition complying with the terms of the statute and facially demonstrating the basis of her legal interest either in the Defendant's land or in the $25,000.00 at issue.  If she fails to do so, the Government's Motion to Dismiss Petition for Lack of Standing will be granted and Ms. Billings's petition will be dismissed.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 6th day of July, 2005

---

[3] It is difficult to conceive of any legally cognizable interest Ms. Billings could claim in the remaining $1,250.00 seized from the Defendant's premises, since the Defendant has admitted he obtained this part of the forfeited money "directly or indirectly as a result of the violation alleged in Court One of this Information." Information at 2.