UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-05-24-B-W |
| | ) | |
| LARRY N. PERKINS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This is a criminal in personam forfeiture action in which the Government seeks to forfeit $25,000.00 in lieu of real property from the Defendant, Larry N. Perkins. Marla Billings filed a petition (Docket # 12) asserting a right to receive overdue child support from property the Defendant forfeited, and the Government filed a motion to dismiss (Docket # 13) for lack of standing. On July 6, 2005, this Court issued an Order (Docket # 16) allowing Ms. Billings two weeks to file an amended petition complying with the terms of 21 U.S.C. § 853 and facially demonstrating the basis of her legal interest in the Defendant's land or the $25,000.00 cash. On July 20, 2005, the State of Maine, Department of Health and Human Services (DHHS), filed on behalf of Ms. Billings an Amended Petition for Hearing to Adjudicate Validity of Interest of Property (Docket # 17) (Amended Petition). This Court concludes Ms. Billings's legal interest in the Defendant's real property was not superior to that of the Government at the time the Defendant committed the acts giving rise to forfeiture and she has failed to demonstrate any legal interest in the $25,000.00 cash subject to forfeiture. This Court, therefore, GRANTS the Government's Motion to Dismiss Petition for Lack of Standing.

## I. FACTUAL BACKGROUND

On November 4, 2003, the Defendant was indicted for possession with the intent to manufacture marijuana on about July 11, 2003. *See* Crim. No. 03-68-B-W, Docket # 7. Count Three sought criminal forfeiture of real property in Old Town, Maine, a John Deere all-terrain vehicle, and $1,250.00 in cash. *See id*. On November 18, 2003, the Government filed a lis pendens (Docket # 18, Ex. A) in the Penobscot County Registry of Deeds against the Old Town property. On October 6, 2004, DHHS, on behalf of Ms. Billings, filed a notice of support lien (Docket #17, Ex. A) in the Penobscot County Registry of Deeds against the same property.[1]

On April 11, 2005, the Defendant pleaded guilty to two counts of a three-count Information (Docket # 1) and consented to the forfeiture in Count III.[2] *See* Docket # 4. Count I alleged possession with the intent to manufacture marijuana on about July 11, 2003, and Count III claimed a forfeiture of $25,000.00 as a substitute for property used to facilitate the crime and $1,250.00 seized from the Defendant's premises.[3] On April 11, 2005, this Court issued a Preliminary Order of Forfeiture (Docket # 5), entitling the Government to possession of the Defendant's right, title and interest in the property sought for forfeiture. DHHS, on behalf of

---

[1] The Amended Petition states:
> Ms. Billings is a client of the State of Maine, Department of Health and Human Services Division of Support Enforcement . . . by virtue of contract. In this capacity, the Department assists Ms. Billings in matters related to an order of child support entered against the Defendant, Larry N. Perkins, as an obligor for the support of a child the parties have in common and for whom Ms. Billings is the primary care provider.

*Amended Petition* at 1.

[2] Count III alleged that the Defendant "shall forfeit to the United States… Twenty five thousand ($25,000) as substitute for property used or intended to be used in any manner or part to commit or to facilitate the commission of the violations alleged in Count One." *Information* at 2. Count Three separately claimed $1,250.00 in cash that was found at the Defendant's premises during the July 11, 2003 search. *Id.* As the July 6, 2005 Order notes, in her original petition, Ms. Billings did not mention the $1,250.00 seized from the Defendant's premises. *Order* (Docket # 16) at 4 n.3. At the Rule 11 hearing, the Defendant admitted he obtained this money "directly or indirectly as a result of the violation alleged in Count One of the Information." *See Information* at 2. The Amended Petition also fails to mention the $1,250.00, and there is no basis in the pleadings to conclude Ms. Billings has any claim against this portion of the forfeited cash.

[3] Count II alleged possession of a firearm by a prohibited person, a violation of 18 U.S.C. § 922(g)(9); Count II is not relevant to Ms. Billings's petition.

Ms. Billings, has filed the Amended Petition, asserting she has a claim of interest in the Defendant's real property by virtue of an October 7, 2004 support lien and requesting a hearing to adjudicate that interest.

## II. DISCUSSION

### A. The Standing Requirement

Pursuant to § 853(n), third parties asserting a legal interest in forfeited property are entitled to a judicial determination of the validity of the interests they assert. *See* § 853(n)(2) (third parties asserting a legal interest in forfeited property may "petition the court for a hearing to adjudicate the validity of his alleged interest in the property"). However, to bring a claim under § 853(n), the petitioner must first establish standing to petition the court. *See United States v. Padilla-Galarza,* 351 F.3d 594, 600 (1st Cir. 2003)*; see also United States v. $364,960.00,* 661 F.2d 319, 326 (5th Cir. 1981) (stating that a claimant who challenges the government's forfeiture of money or property under a federal statute "must first demonstrate an interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture"). To establish standing, a petitioner must demonstrate:

> **(A)** the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> **(B)** the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

§ 853(n)(6); *see also United States v. Campos,* 859 F.2d 1233, 1238 (6th Cir. 1988). The standing provision of § 853(n)

> protects only two classes of petitioners, those whose legal interests in the property were superior to the defendant[] at the time the interest of the United States vested through the commission of an act giving rise to forfeiture and "bona fide purchasers for value" without knowledge of the forfeitability of the defendant's assets.

*United States v. Kennedy,* 201 F.3d 1324, 1328-29 (11th Cir. 2000) (quoting *United States v. Reckmeyer,* 836 F.3d 200, 204 (4th Cir. 1987)); *see also United States v. Jimerson,* 5 F.3d 1453, 1455 (11th Cir. 1993); *United States v. Lavin,* 942 F.2d 177, 185 (3d Cir. 1991); *United States v. E. Carroll Corr. Sys., Inc.,* 14 F. Supp. 2d 851, 852-53 (W.D. La. 1998).[4]

### B.  A Superior Interest at the Time of the Commission of the Acts

To have an interest superior to that of the Government, Ms. Billings must demonstrate her interest in the property "was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture."  § 853(n)(6).  Here, the Government has alleged, and the Defendant admitted, he committed these acts "[o]n about July 11, 2003."[5]  *Information* at 1.  DHHS does not address why its support lien recorded on October 6, 2004 would create a legal interest pre-dating July 11, 2003.  Instead, DHHS has erroneously "presumed" the Defendant's criminal acts took place subsequent to its October 6, 2004 filing.[6] There are no factual allegations in the Amended Petition that could lead to the conclusion that

---

[4] Ms. Billings makes no claim that she is a bona fide purchaser for value.

[5] At the Rule 11 hearing, the Defendant admitted the contents of the Prosecution Version, which states that, acting on information from an anonymous source, a search warrant was executed on July 11, 2003, revealing the presence of approximately 99 mature marijuana plants growing along a tree line of the Defendant's property and inside the house the Government discovered evidence of a grow operation. *See Government's Version of the Offense* (Docket # 3) at 1-2 .

[6] DHHS's memorandum states:  "The Department does not know, at present, the period of time during which the above referenced offenses were committed by Larry N. Perkins.  The Department *presumes*, however, that they occurred subsequent to the filing, on October 7, 2004, of the Notice of Support Lien filed in the Penobscot County Registry of Deeds at Volume 9573, Page 104."  *Amended Petition* at 2-3 (emphasis added).  DHHS presumes wrong.  The Government's allegation that the Defendant committed the criminal acts on about July 11, 2003 and the Prosecution Version to which the Defendant admitted are matters of public record.  DHHS also inexplicably failed to apprise itself of the Government's lis pendens filed on November 18, 2003 at Volume 9088, Page 224, pre-dating the DHHS filing of October 7, 2004, Volume 9573, Page 104, by nearly eleven months.

4

Ms. Billings had a vested interest in the Defendant's Old Town property as of July 11, 2003, and therefore, the petition must fail.

### C. An Interest in the Forfeited Property

There is a second reason Ms. Billings's petition must fail. The forfeited property is not the Old Town real estate.[7] It is $25,000.00 cash the Defendant substituted for the Old Town real estate. Ms. Billings's Amended Petition entirely omitted any reference to the $25,000.00 and assumed the forfeited property is the Defendant's real estate. The Amended Petition has failed to mention any basis for any legal right in the $25,000.00 cash which is the subject of the Government's forfeiture, much less any allegation that she had that right on July 11, 2003. In its July 6, 2005 Order, this Court quoted *United States v. Ribadeneira,* 920 F. Supp. 553, 555 (S.D.N.Y. 1996): "Dollars are fungible. As holders of checks, as opposed to security interests, petitioners are unable to assert rights to a particular asset or specific funds." There is, however, no allegation the Defendant's cash was subject to any security interest in favor of Ms. Billings. In its motion, DHHS concedes that petitioners must "link their interest to a specific asset" and then asserts Ms. Billings claim is a "specific claim against the very property at issue." *Amended Petition* at 4. But, the "property at issue" is the cash, not the real estate. Ms. Billings's notice of support lien against the Defendant's Old Town real estate cannot be construed to create a legal interest in the $25,000.00 substituted cash.[8]

---

[7] The July 6, 2005 Order gave Ms. Billings two weeks to demonstrate her legal interest in the real estate or the cash. *Order* at 4. If the Amended Petition had demonstrated a superior interest in the Defendant's real estate, this could have generated a question as to the source of the substituted funds and whether they could be traced to the Defendant's real estate.

[8] Because the cash has been substituted, Ms. Billings's lien against the Defendant's real estate is wholly unaffected by the Government's forfeiture action. Once the cash is forfeited, the Government's interest in the real estate will be satisfied and Ms. Billings will return to precisely the same position she enjoyed when she filed the notice of support lien on October 7, 2004.

### D. The Remedy

Where a party seeking relief pursuant to § 853(n)(6) fails to allege all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without a hearing. *See E. Carroll,* 14 F. Supp. 2d at 853; *United States v. BCCI Holdings,* 919 F. Supp. 31, 36 (D.D.C. 1996).

In its July 6, 2005 Order, this Court placed Ms. Billings on notice of what she must allege to state a cognizable claim under § 853. Despite this notice, the Amended Petition fails to allege a legal interest superior to that of the Government in the Old Town real estate at the time the Defendant committed the acts giving rise to forfeiture and further fails to allege any legal interest in the substituted cash. This Court, therefore, finds that Ms. Billings lacks standing to claim a legal right or interest in the Defendant's forfeited cash. This Court denies Ms. Billings's request for a hearing and dismisses her petition.

## III. CONCLUSION

This Court GRANTS the Government's Motion to Dismiss Petition for Lack of Standing.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 1st day of August, 2005